**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHY SNYDER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU,<br><br>                  Defendants. | Case No.: 1:19-cv-11290-ALC<br><br>Hon. Andrew L. Carter, Jr. |
| IVAR AUS, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU,<br><br>                  Defendants. | Case No.: 1:19-cv-11812 |

**MEMORANDUM OF LAW IN SUPPORT OF THE BAOZUN INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD <u>PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ................................................................................................ 2

II. PROCEDURAL HISTORY .................................................................................................. 4

III. ARGUMENT ........................................................................................................................ 4

    A. Consolidation of the Actions Is Appropriate ................................................................ 4

    B. Appointing Movant as Lead Plaintiff Is Appropriate .................................................... 5

        1. Movant Filed a Timely Motion. ............................................................................... 7

        2. Movant Has the Largest Financial Interest ............................................................... 7

        3. Movant Satisfies the Relevant Requirements of Rule 23. ........................................ 8

            a. Movant's Claims Are Typical ............................................................................. 9

            b. Movant Is an Adequate Representative. ............................................................. 9

    C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. .................................. 10

IV. CONCLUSION ................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001).................................................................................................. 10

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ....................................................................................... 8, 9

*In re Cloudera, Inc. Sec. Litig.*,
  No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750 (N.D. Cal. Dec. 16, 2019) .......... 10

*Deinnocentis v. Dropbox, Inc.*,
  No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020*)* ................... 10

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................. 8

*Francisco v. Abengoa, S.A.*,
  No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) .................. 11

*Isaacs v. Musk*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ......... 11

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)................................................................................................. 5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................ 9

*Levin v. Res. Capital Corp.*,
  No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) ................ 11

*Mitchell v. Complete Mgmt., Inc.*,
  Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999)......................... 5

*Pope v. Navient Corp.*,
  No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018)............ 11

*Primavera Familienstiftung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997). .......................................................................................... 5

*Rosi v. Alcaris Therapeutics, Inc.*,
  No. 19-CV-7118-LTS-JLC, 2019 U.S. Dist. LEXIS 192910 (S.D.N.Y. Nov. 6, 2019) ......... 7

*In re Sundial Growers Inc. Sec. Litig.*,
  No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019)............................................................. 10

*In re Tesla, Inc. Sec. Litig.*,
 No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) ........... 11

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
 589 F. Supp. 2d 388 (S.D.N.Y. 2008) .................................................................................. 6, 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
 No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................... 9

*Weltz v. Lee*,
 199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................ 5

*Zhang v. Valaris PLC, et al.*,
 No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019) ............................................................. 10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i) ........................................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................................. 6, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) ............................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................... 10

**Rules**

FED. R. CIV. P. 23 ............................................................................................................. 1, 6, 8, 9

Fed. R. Civ. P. 42(a) ..................................................................................................................... 5

Alvin Osofsky, Juan M. Gonzalez Bonilla, and Mica Park De Gonzalez ("The Baozun Group") respectfully submits this memorandum of law in support of its motion ("Motion") to consolidate the above-captioned actions (the "Actions")[1], appoint it as lead plaintiff, and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of Baozun Inc., ("Baozun" or the "Company") American Depository Receipts ("ADRs") between March 6, 2019 and November 20, 2019, inclusive (the "Class Period"), against Defendants Baozun, Vincent Wenbin Qiu ("Qiu"), and Robin Bin Lu ("Lu") (collectively "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that it is the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses it suffered as a result of Defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

---

[1] The two pending securities class actions are entitled: *Snyder v. Baozun Inc., et al.,* 1:19-cv-11290-ALC (S.D.N.Y. Dec. 10, 2019) (the "*Snyder* Action"); and *Aus v. Baozun Inc., et al.*, 1:19-cv-11812 (S.D.N.Y Dec. 26, 2019) (the "*Aus* Action").

1

**I.      FACTUAL BACKGROUND[2]**

Baozun provides brand e-commerce services to brand partners in the People's Republic of China, ordering end-to-end e-commerce services, including IT infrastructure setup and integration, sale of apparel, home and electronic products, online store design and setup, visual merchandising and marketing, online store operations, customer services, warehousing, and order fulfillment, that helps companies sell their branded goods online. ¶ 2.

Throughout the Class Period, Defendants materially misled the investing public, thereby inflating the price of Baozun ADRs, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. ¶ 47. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Baozun was heavily reliant upon a single brand partner, Huawei, for the exponential service fee growth it had been reporting historically, which was in turn fueling its historical revenue growth; (2) compared to other brands Baozun had as brand partners, the Huawei work had historically included a lot of additional add-on service fees, increasing the revenue reported from Huawei vis-a-via its other brand partners; (3) Huawei, like other large brands, was actively preparing to bring its online merchandising in-house, meaning Baozun knew that it was losing a significant brand partner; and (4) as a result of the foregoing, the Company was not on track to achieve the financial results and performance Defendants claimed the Company was on track to achieve during the class period.  ¶ 43. These statements and omissions were

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Snyder* Complaint") filed in the *Snyder* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Snyder* Complaint. The facts set forth in the *Snyder* Complaint are incorporated herein by reference.

materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein. ¶ 47.

Unbeknownst to investors, Huawei Technologies Co., Ltd. ("Huawei"), a Shenzhen, Chinese-based multinational technology company that provides telecommunications equipment and sells consumer electronics, including smartphones, was one of the Company's largest brand partners, on a historical basis. ¶ 3, 4. Huawei paid more add-on fees for the work Baozun did for it, increasing the revenues Baozun received for Huawei work compared to the Company's other brand partners. ¶ 4. This caused Baozun to report outsized revenue growth during the first half of 2019, which would be abruptly cut off during the second half 2019, after Baozun restructured the relationship as Huawei took much of its online merchandizing in-house. *Id.*

As a result, Baozun shocked the market on November 21, 2019 when the Company announced third quarter ("3Q19") financial results that came in lower than the market had been led to expect and provided dismal fourth quarter 2019 ("4Q19") financial guidance, blaming, in large part, the adverse "impact from terminating our service agreement with one electronics brand." ¶ 5. While Baozun did not identify that large "electronics brand", many in the financial media have suggested that it was Huawei. *Id.*

On this news, the market price of Boazun ADRs plummeted approximately 17.5%, or $7.60 per ADR, to close at $35.90 per ADR on November 21, 2019, on unusually high trading volume of more than 8.2 million shares trading, more than eight times the average daily volume over the preceding ten trading days, harming investors. ¶ 6.

Meanwhile, with the market price of Baozun ADRs artificially inflated, Baozun cashed in, selling at least 2.25 million ADRs in a registered public stock offering at $40 each on or about April 10, 2019 (the "ADR Offering"), raising $90 million through underwriters Credit Suisse

Securities (USA) LLC and Deutsche Bank Securities Inc. (the "Underwriters"), and "loaning" to be sold by those same Underwriters another 1.98 million ADRs. ¶ 7. That same day, Baozun also closed a concurrent offering of $225 million in aggregate principal amount of convertible senior notes due 2024 (the "Notes"), and the sale of an additional $50 million in aggregate principal amount of the Notes pursuant to the exercise by the initial purchasers in full of an option to purchase additional Notes, pursuant to Rule 144A and Regulation S under the Securities Act of 1933, as amended (collectively, the "Notes Offering"), receiving net proceeds from the Notes Offering of approximately $269 million. *Id.*

## II. PROCEDURAL HISTORY

Pending before this Court are the above-captioned Actions against the Defendants. Plaintiff Cathy Snyder ("Snyder") commenced the first filed action against Baozun on December 10, 2019. On that same day, counsel acting on Snyder's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movant's Motion ("Hopkins Decl."). Plaintiff Ivar Aus then commenced a second, substantially similar class action against Baozun on December 26, 2019.

## III. ARGUMENT

### A. Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered.15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

4

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* FED. R. CIV. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454-DAB, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sep. 15, 1999) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . ." (citation and quotations omitted)); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Appointing Movant as Lead Plaintiff Is Appropriate.

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

>   (aa) has either filed the complaint or made a motion in response to a notice. . .
>
>   (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

>   (aa) will not fairly and adequately protect the interest of the class; or
>
>   (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of its knowledge, the largest financial interest in this litigation—having lost $408,156.69 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.     **Movant Filed a Timely Motion.**

On December 10, 2019 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Snyder published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Baozun common stock that they had 60 days from the publication of the December 10, 2019 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *Rosi v. Alcaris Therapeutics, Inc.,* No. 19-CV-7118-LTS-JLC, 2019 U.S. Dist. LEXIS 192910, at *7 (S.D.N.Y. Nov. 6, 2019) (filing a notice on *Business Wire* satisfied the PSLRA's notice requirement).

Movant timely filed its motion within the 60-day period following publication of the December 10, 2019 Press Release, submitted herewith sworn certifications attesting that it is willing to serve as a representative of the Class and attaching its transactions in Baozun ADRs. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.     **Movant Has the Largest Financial Interest.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant purchased Baozun ADRs at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements

issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Movant suffered an approximate collective loss of $408,156.69. *See* Hopkins, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that it has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc*., 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home*

*Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.     Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Baozun's business, operations, and prospects, violated the federal securities laws. Movant, like all members of the Class, purchased Baozun ADRs during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.     Movant Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these Actions, and Movant's financial losses ensure that it has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

### C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and will retain the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *In re Cloudera, Inc. Sec. Litig.,* No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750, at *28-29  (N.D. Cal. Dec. 16, 2019) ("The Court…is satisfied that the lead plaintiff has made a reasonable choice of counsel" when appointing Levi & Korsinsky); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D.

Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

**IV.    CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court grant its Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as lead plaintiff, (3) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

11

12

Dated: February 10, 2020					Respectfully Submitted,

											**LEVI & KORSINSKY, LLP**

											By:  /s/ *Shannon L. Hopkins*
											Shannon L. Hopkins (SH-1887)
											1111 Summer Street, Suite 403
											Stamford, CT 06905
											Tel. (203) 992-4523
											Fax: (212) 363-7500
											Email: shopkins@zlk.com


											*Lead Counsel for Movant and [Proposed]*
											*Lead Counsel for the Class*