UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHY SNYDER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU,<br><br>              Defendants. | No. 1:19-cv-11290-ALC<br><br>Judge Andrew L. Carter, Jr.<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |
| IVAR AUS, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>  vs.<br><br>BAOZUN INC., VINCENT WENBIN QIU, and ROBIN BIN LU,<br><br>              Defendants. | No. 1:19-cv-11812-UA |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
FRANCIS L. PUGSLEY FOR CONSOLIDATION, APPOINTMENT AS
<u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................. ii

I. THE ACTIONS SHOULD BE CONSOLIDATED ............................................................. 4

II. PUGSLEY SHOULD BE APPOINTED LEAD PLAINTIFF .............................................. 5

    A. The PSLRA Standard For Appointing Lead Plaintiff ..................................................... 5

    B. Pugsley Is The "Most Adequate Plaintiff" ...................................................................... 7

        1. Pugsley's Motion Is Timely ...................................................................................... 7

        2. Pugsley Has the Largest Financial Interest in the Relief Sought by the Class .......... 7

        3. Pugsley Satisfies Rule 23's Typicality and Adequacy Requirements ....................... 8

            (a) Pugsley's Claims Are Typical of Those of the Class ......................................... 8

            (b) Pugsley Satisfies the Adequacy Requirement of Rule 23 ................................. 9

III. PUGSLEY'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ...................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albert Fadem Trust v. Citigroup Inc.*,
   239 F. Supp. 2d 344 (S.D.N.Y. 2002)..................................................................................4

*Bevinal v. Avon Prods., Inc.*,
   No. 19 Civ. 1420 (CM), 2019 WL 2497739 (S.D.N.Y. June 3, 2019)...................................8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ..........................................................................................4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)................................................................................................10

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ..............................9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .........................................................................................6

*Gordon v. MiMedx Grp., Inc.*,
   No. 18 CIV. 01831 (ER), 2019 WL 1254551 (S.D.N.Y. Mar. 19, 2019)..............................8

*Kemp v. Universal Am. Fin. Corp.*,
   No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ..................................7

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016)...................................................................................8

*Lowinger v. Global Cash Access Holdings, Inc.*,
   No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ..............................5

*McKenna v. Dick's Sporting Goods, Inc*,
   No. 17-CV-3680 (VSB), 2018 WL 1083971 (S.D.N.Y. Feb. 27, 2018) ...............................7

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ..................................5

*Peifa Xu v. Gridsum Holding Inc.*,
   No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ............................4, 8

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) .........................................................................................8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) .................................................................................8

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................... *passim*

Fed. R. Civ. P. 42(a) ....................................................................................................1, 5

15 U.S.C. § 78u-4 et seq. ........................................................................................ *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.) ......................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) ....................................................................................10

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-7831 (S.D.N.Y.) ......................................................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
   No. 09-md-2027 (S.D.N.Y.) ....................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................10

Proposed Lead Plaintiff Francis L. Pugsley ("Pugsley") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his motion for the entry of an Order: (i) consolidating the above-captioned class actions (together, the "Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (ii) appointing Pugsley as Lead Plaintiff on behalf of a Class (as defined herein) of all persons and entities who purchased or otherwise acquired Baozun, Inc. ("Baozun" or the "Company") securities between March 6, 2019 and November 20, 2019, inclusive (the "Class Period"); (iii) approving Pugsley's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending in this District are two securities class actions brought against Baozun and certain of the Company's officers and directors (collectively, "Defendants"), for violations of Sections 10(b) and 20(a) of the Exchange Act. Pugsley respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who purchased or otherwise acquired Baozun securities during the Class Period (the "Class").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Pugsley incurred a loss of **$28,516.30** on his Class Period transactions in Baozun securities on a last-in-first-out ("LIFO") basis.[1]  Accordingly, Pugsley has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

Pugsley also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.  Accordingly, Pugsley is the presumptive Lead Plaintiff.

Finally, pursuant to the PSLRA, Pugsley respectfully requests that the Court approve his selection of Labaton Sucharow as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.

Accordingly, Pugsley respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel.

## FACTUAL BACKGROUND

Baozun provides brand e-commerce services to brand partners in the People's Republic of China.  The Company offers end-to-end e-commerce services, including IT infrastructure setup and integration, sale of apparel, home and electronic products, online store design and

---

[1] A copy of Pugsley's Certification is attached as Exhibit A to the Declaration of Francis P. McConville (the "McConville Decl."), filed contemporaneously herewith.  This Certification sets forth all of Pugsley's transactions in Baozun securities.  In addition, a table reflecting the calculation of Pugsley's financial losses is attached as Exhibit B to the McConville Declaration.

2

setup, visual merchandising and marketing, online store operations, customer services, warehousing, and order fulfillment, that helps companies sell their branded goods online

Huawei Technologies Co., Ltd. ("Huawei") is a Shenzhen, Chinese-based multinational technology company that provides telecommunications equipment and sells consumer electronics, including smartphones.

Unbeknownst to investors, Huawei was one of the Company's largest brand partners, on a historical basis. Huawei paid more add-on fees for the work Baozun did for it, increasing the revenues Baozun received for Huawei work compared to the Company's other brand partners. This caused Baozun to report outsized revenue growth during the first half of 2019, which would be abruptly cut off during the second half 2019, after Baozun restructured the relationship as Huawei took much of its online merchandizing in-house.

As a result, the market was shocked on November 21, 2019 when Baozun announced third quarter financial results that came in lower than the market had been led to expect and provided dismal fourth quarter 2019 financial guidance, blaming, in large part, the adverse "impact from terminating our service agreement with one electronics brand." Though Baozun did not disclose who that large "electronics brand" was itself, many in the financial media have suggested that it was Huawei.

On this news, the market price of Boazun American Depository Receipts ("ADRs") plummeted, declining by $7.60 each, or approximately 17.5 percent, to close down at $35.90 each on November 21, 2019, on unusually high trading volume of more than 8.2 million shares trading, more than eight times the average daily volume over the preceding ten trading days.

Meanwhile, with the market price of Baozun ADRs artificially inflated, Baozun cashed in, selling at least 2.25 million ADRs in a registered public stock offering at $40 each on or about

3

April 10, 2019 (the "ADR Offering"), raising $90 million through underwriters Credit Suisse Securities (USA) LLC and Deutsche Bank Securities Inc., and "loaning" to be sold by those same Underwriters another 1.98 million ADRs. That same day, Baozun also closed a concurrent offering of $225 million in aggregate principal amount of convertible senior notes due 2024 (the "Notes"), and the sale of an additional $50 million in aggregate principal amount of the Notes pursuant to the exercise by the initial purchasers in full of an option to purchase additional Notes, pursuant to Rule 144A and Regulation S under the Securities Act of 1933, as amended (collectively, the "Notes Offering"), receiving net proceeds from the Notes Offering of approximately $269 million.

## ARGUMENT

**I.      THE ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks and citation omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law and fact." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) (citation omitted). "A determination on the issue of consolidation is left to the sound discretion of the Court." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982)).

4

"'[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.'" *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (citing *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

The Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth identical allegations relating to similar parties, transactions, and events—primarily Defendants' materially false and misleading statements and omissions in connection with the Company's business relationship with Huawei. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a). Accordingly, Pugsley respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.     PUGSLEY SHOULD BE APPOINTED LEAD PLAINTIFF

Pugsley respectfully submits that he should be appointed Lead Plaintiff because he timely filed the instant motion, believes he has the largest financial interest of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

### A.     The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also*

5

15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, the Court is to consider any motion made by Class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating the lead plaintiff motions, the Court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the Class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Under the framework established by the PSLRA, Pugsley is the most adequate plaintiff and should be appointed Lead Plaintiff.

B.     **Pugsley Is The "Most Adequate Plaintiff"**

1.     **Pugsley's Motion Is Timely**

Pugsley filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action against Defendants caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely-circulated, national, business-oriented news wire service, on December 10, 2019. *See* Notice, McConville Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before February 10, 2020. Pugsley filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

2.     **Pugsley Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Pugsley incurred a substantial loss of ***$28,516.30*** on his relevant transactions in Baozun securities on a LIFO basis during the Class Period. *See* Loss Analysis, McConville Decl., Ex. B. Accordingly, Pugsley has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also McKenna v. Dick's Sporting Goods, Inc*, No. 17-CV-3680 (VSB), 2018 WL 1083971, at *4–5 (S.D.N.Y. Feb. 27, 2018) (finding the movant with the largest financial interest to be the "presumptive lead plaintiff").

### 3. Pugsley Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See Bevinal v. Avon Prods., Inc.*, No. 19 Civ. 1420 (CM), 2019 WL 2497739, at *1 (S.D.N.Y. June 3, 2019). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *see also Gridsum Holding Inc.*, 2018 WL 4462363, at *4 (citation omitted) ("[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (citation omitted); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("The moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."). Here, Pugsley unquestionably satisfies both requirements.

### (a) Pugsley's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Gordon v. MiMedx Grp., Inc.*, No. 18 Civ. 01831 (ER), 2019 WL 1254551, at *3 (S.D.N.Y. Mar. 19, 2019).

Pugsley's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Pugsley alleges that Defendants made materially misleading misstatements and/or omissions in violation of the federal securities laws. Pugsley, as did all of the members of the Class, transacted in Baozun securities during the Class Period in reliance on

8

Defendants' alleged misstatements and omissions and was damaged thereby.  Because Pugsley's claims arise from the same course of events as do the claims of other Class members, the typicality requirement is satisfied.  *See id*.

### (b) Pugsley Satisfies the Adequacy Requirement of Rule 23

Pugsley likewise satisfies the adequacy requirement of Rule 23.  The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig*., No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (citing *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig*., No. 08 MDL No. 1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Pugsley will fairly and adequately represent the interests of the proposed Class.  No antagonism exists between Pugsley's interests and those of the absent Class members; rather, the interests of Pugsley and Class members are squarely aligned.  Pugsley has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* at Section III, and timely submitted his choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).  In addition, Pugsley understands his duties and obligations as a Lead Plaintiff under the PSLRA.  *See* Certification, McConville Decl., Ex. A.  Pugsley suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.  Finally, there is no proof that Pugsley is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II). Accordingly, Pugsley satisfies the adequacy requirement.

### III. PUGSLEY'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Pugsley has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors, including noteworthy cases in this District. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Pugsley's selection of Labaton Sucharow as Lead Counsel for the Class.  The Court can be assured that, by approving Pugsley's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Pugsley respectfully requests that the Court issue an Order (i) consolidating the above-captioned actions; (ii) appointing Pugsley as Lead Plaintiff for the Class; (iii) approving Pugsley's selection of Labaton Sucharow as Lead Counsel for the Class; and (iv) granting such other relief as the Court may deem just and proper.

DATED:  February 10, 2020                                         Respectfully submitted,

/s/ Francis P. McConville

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Francis L. Pugsley and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Francis L. Pugsley*