UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHY SNYDER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAOZUN INC., VINCENT WENBIN QIU, and ROBIN BIN LU,<br><br>Defendants. | Case No. 1:19-cv-11290-ALC |
| IVAR AUS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAOZUN INC., VINCENT WENBIN QIU, and ROBIN BIN LU,<br><br>Defendants. | Case No. 1:19-cv-11812 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PHIL SPENCE, HAL STRICKLAND, AND DEEPAK CHAKRAVARTY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>LEAD COUNSEL</u>**

Phil Spence, Hal Strickland, and Deepak Chakravarty (together, "Movants") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movants as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movants' selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C.

1

§78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Baozun, Inc. ("Baozun" or the "Company") securities between March 6, 2019 and November 20, 2019, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submits that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

Baozun provides brand e-commerce services to brand partners in China. The Company offers end-to-end e-commerce services, including IT infrastructure setup and integration, sale of apparel, home and electronic products, online store design and setup, visual merchandising and marketing, online store operations, customer services, warehousing, and order fulfillment, that helps companies sell their branded goods online.

Huawei Technologies Co., Ltd. ("Huawei") is a Chinese-based multinational technology company that provides telecommunications equipment and sells consumer electronics, including smartphones.

On August 21, 2019, Baozun conducted a conference call in connection with its second quarter 2019 financial results. During the call, the Company alluded to ongoing restructuring of Baozun's relationship with an unnamed "electronics" brand partner, resulting in gross merchandise value growth of only 40% to 45% year-over-year.

On this news, the Company's share price fell $6.31, or nearly 13%, to close at $43.77 per share on August 21, 2019, on unusually high trading volume.

On November 11, 2019, Baozun disclosed that it lost an unnamed electronics brand partner, resulting in a moderate adverse impact of that loss on total order value for Singles Day 2019.

On November 21, 2019, Baozun announced its third quarter 2019 financial results, reporting revenues of $210.3 million. The Company also stated that the electronic customer loss would negatively impact results for the rest of 2019 and the first half of 2020.

---

[1] The section is adapted from the complaints in the above-captioned actions.

On this news, the Company's share price fell $7.60 per share, or over 17%, to close at $35.90 per share on November 21, 2019, on unusually high trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Baozun was heavily reliant upon a single brand partner, Huawei, for the exponential service fee growth it had been reporting historically, which was in turn fueling its historical revenue growth; (2) that compared to Baozun's other brand partners, the Huawei work had historically included a lot of additional add-on service fees, increasing the revenue reported from Huawei vis-à-vis its other brand partners; (3) that Huawei, like other large brands, was actively preparing to bring its online merchandising in-house, meaning Baozun knew that it was losing a significant brand partner; and (4) that, as a result of the foregoing, Baozun was not on track to achieve the financial results and performance Defendants claimed the Company was on track to achieve during the Class Period.

### III.   PROCEDURAL HISTORY

On December 10, 2019, Cathy Snyder commenced the above-captioned case against Baozun in this District, *Snyder v. Baozun, Inc.*, Case No. 1:19-cv-11290 (the "*Snyder* Action"). This action is brought on behalf of purchasers of Baozun American Depositary Receipts ("ADRs") during the Class Period.

On December 26, 2019, another action was filed making similar allegations against the same defendants, captioned *Aus v. Baozun, Inc.*, Case No. 1:19-cv-11812 (together with the *Snyder* Action, the "Related Actions"). This action is brought on behalf of persons and entities who purchased or otherwise acquired Baozun securities, which includes ADRs, during the Class Period.

IV.     ARGUMENT

    A.     **The Related Actions Should Be Consolidated**

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

    B.     **Movants Should be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

    (aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the Court, has the largest financial interest in the

relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movants Filed a Timely Motion

Movants have made a timely motion in response to a PSLRA early notice. On December 10, 2019, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Dec.") Ex. A. Therefore, Movants had sixty days or until February 10, 2020 to file a motion to be appointed as Lead Plaintiff. As purchasers of Baozun securities during the Class Period, Movants are members of the proposed

class and have timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. Linkh Dec., Ex. B. Accordingly Movants satisfy the first requirement to serve as Lead Plaintiff for the class.

### 2. Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Movants believes that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movants purchased Baozun securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm.  *See* Linkh Decl., Ex. C.  To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest.  As such, Movants believe they are the "largest financial interest in the relief sought by the Class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010).  At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements.  *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory.  *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Baozun's business, operations, and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased Baozun securities in reliance on

Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b) Movants Are Adequate Representatives

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on their behalf and will retain the firm as the Class's lead counsel in the event they are appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movants' Motion, the Class will receive the highest caliber of legal representation.

## V. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order (1) consolidating the above-captioned related actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: February 10, 2020                **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Gregory B. Linkh*
Gregory B. Linkh
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

-and-

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movants and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 10, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 10, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh