UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHY SNYDER, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-11290-ALC |
| Plaintiff, | CLASS ACTION |
| vs. | |
| BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU, | |
| Defendants. | |
| IVAR AUS, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-11812-UA |
| Plaintiff, | CLASS ACTION |
| vs. | |
| BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU, | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

**I.      INTRODUCTION**

Presently pending before this Court are two related securities class actions brought on behalf of purchasers of Baozun Inc. ("Baozun" or the "Company") securities between March 6, 2019 and November 20, 2019, inclusive (the "Class Period"), against the Company and two of its current senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "Exchange Act"): (1) *Snyder v. Baozun Inc.*, No. 1:19-cv-11290-ALC, filed December 10, 2019; and (2) *Aus v. Baozun Inc.*, No. 1:19-cv-11812-UA, filed December 26, 2019 (the "Related Actions").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common questions of law and fact. Further, the PSLRA directs courts to appoint as lead plaintiff the class member they "determine[] to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Daniel Giuntini, Jr. and Joseph Swierczek are the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition to timely filing their motion, Mr. Giuntini and Mr. Swierczek have a significant financial interest – an interest believed to be greater than that of any competing movant.  And, Mr. Giuntini and Mr. Swierczek meet the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of other class members and they will fairly and adequately represent the interests of the proposed class.  Mr. Giuntini and Mr. Swierczek have also selected Robbins Geller Rudman & Dowd LLP to serve as lead counsel for the putative class in the event their motion is granted.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Mr. Giuntini and Mr. Swierczek's chosen counsel have extensive experience in the prosecution of complex securities class actions and the Court may

- 1 -

be assured that by granting this motion and approving Mr. Giuntini and Mr. Swierczek's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

Accordingly, Mr. Giuntini and Mr. Swierczek's motion should be granted.

## II. SUMMARY OF THE ACTIONS

Baozun provides e-commerce services to brand partners in China. The Company offers end-to-end e-commerce services, including IT infrastructure setup and integration, sale of apparel, home and electronic products, online store design and setup, visual merchandising and marketing, online store operations, customer services, warehousing, and order fulfillment, that helps companies sell their branded goods online. The Company's American Depository Receipts ("ADRs") trade on the NASDAQ under the ticker BZUN.

Huawei Technologies Co., Ltd. is a Shenzhen, Chinese-based multinational technology company that provides telecommunications equipment and sells consumer electronics, including smartphones. Unbeknownst to investors, Huawei was historically one of the Company's largest brand partners. *See Snyder* ECF No. 1 at ¶4; *Aus* ECF No. 1 at ¶4. Huawei paid more add-on fees for the work Baozun did for it, increasing the revenues Baozun received for Huawei work compared to the Company's other brand partners. *Id.* This caused Baozun to report outsized revenue growth during the first half of 2019, which would be abruptly cut off during the second half of 2019, after Baozun restructured the relationship as Huawei took much of its online merchandising in-house. *Id.*

The complaints allege that during the Class Period, defendants failed to disclose that: (a) Baozun was heavily reliant upon a single brand partner, Huawei, for the exponential service fee growth it had been reporting historically, which was in turn fueling its historical revenue growth; (b) compared to other brands Baozun had as brand partners, the Huawei work had historically included a lot of additional add-on service fees, increasing the revenue reported from Huawei vis-a-vis its other

brand partners; (c) Huawei, like other large brands, was actively preparing to bring its online merchandising in-house, meaning Baozun knew that it was losing a significant brand partner; and (d) as a result of the foregoing, the Company was not on track to achieve the financial results and performance defendants claimed the Company was on track to achieve during the Class Period. *See Snyder* ECF No. 1 at ¶43; *Aus* ECF No. 1 at ¶39.

On August 21, 2019, Baozun issued a press release announcing its second quarter 2019 financial results for the interim period ended June 30, 2019, providing financial guidance for its third quarter 2019, and providing other commentary concerning the Company's business. *See Snyder* ECF No. 1 at ¶¶36-37; *Aus* ECF No. 1 at ¶¶31-32. Also on August 21, 2019, Baozun conducted a conference call with investors and stock analysts providing more positive commentary about the Company's purportedly strong then–present business metrics and financial prospects. *Snyder* ECF No. 1 at ¶¶38-39; *Aus* ECF No. 1 at ¶¶34-35. During the conference call, defendant Vincent Webin Qiu (the Company's CEO) alluded to some ongoing restructuring of the Company's relationship with an unnamed "electronics" brand partner, without disclosing that it was Huawei, what Huawei's historical contribution to its service fees had been, or that the "restructuring" was being done because Huawei was moving its online merchandising in-house, rather than actively "optimizing" its own portfolio "toward high quality [Gross Merchandise Volume]." *Id.* Also on the conference call, defendant Robin Bin Lu (the Company's CFO), commented on the anticipated financial impact of the ongoing restructuring of the relationship with the unnamed "electronics brand." *Id.* On this news, the price of Baozun ADRs declined over 10%, causing substantial harm to investors.

Then, on November 21, 2019, Baozun announced third quarter 2019 financial results that were lower than the market had been led to expect and provided dismal fourth quarter 2019 financial guidance, blaming, in large part, the adverse impact from "terminating our service agreement with

- 3 -

one electronics brand." *Snyder* ECF No. 1 at ¶¶5, 44; *Aus* ECF No. 1 at ¶¶5, 40.  Though Baozun did not disclose who that large "electronics brand" was, many in the financial media have suggested that it was Huawei.  *Snyder* ECF No. 1 at ¶5; *Aus* ECF No. 1 at ¶5.  On this news, the price of Baozun ADRs declined over 15%, causing substantial harm to investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Baozun securities, Mr. Giuntini and Mr. Swierczek and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The Related Actions present virtually identical factual and legal issues, alleging identical claims under §§10(b) and 20(a) of the Exchange Act during the same class period against identical defendants.  Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus,

- 4 -
4816-9000-3636.v1

consolidation is appropriate here.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).[1]

### B. Mr. Giuntini and Mr. Swierczek are the "Most Adequate Plaintiff" and Should Be Appointed as Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).  First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Notice regarding the pendency of the first-filed *Snyder* Action was published by Robbins Geller on *Business Wire*, a national, business-oriented, wire service, on December 10, 2019.  *See* Exhibit A to the Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel ("Rosenfeld Decl."), filed concurrently herewith.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the

---

[1] While the *Snyder* Action is on behalf of purchasers of Baozun **ADRs** (one form of securities), the copy-cat *Aus* Action is on behalf of purchasers of Baozun ***securities***.  This slight difference in the class definitions will be reconciled with the filing of a consolidated complaint.

interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Huang v. Airmedia Grp. Inc.*, 2015 WL 10846763, at *1 (S.D.N.Y. Nov. 10, 2015).  Mr. Giuntini and Mr. Swierczek meet each of these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Giuntini and Mr. Swierczek Have Complied with the PSLRA's Procedural Requirements

The December 10, 2019 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or February 8, 2020.  *See* Rosenfeld Decl., Ex. B; 15 U.S.C. §78u-4(a)(3)(A).  February 8 was a Saturday; thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is February 10, 2020.  Because Mr. Giuntini and Mr. Swierczek's motion has been timely filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2. Mr. Giuntini and Mr. Swierczek Possess the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Giuntini and Mr. Swierczek purchased 6,325 shares of Baozun ADRs and suffered approximately $54,500 in losses as a result of defendants' alleged misconduct.[2] *See* Rosenfeld Decl., Ex. C.  To the best of their counsel's knowledge, there are no other named plaintiffs with a larger financial interest.  Therefore, Mr. Giuntini and Mr. Swierczek satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Giuntini and Mr. Swierczek Otherwise Satisfy Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  At this stage of the litigation, for purposes of Rule 23, the Court need only consider the proposed lead plaintiff's typicality and adequacy. *See Huang*, 2015 WL 10846763, at *2.

"'Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Id.* (citation omitted).  Mr. Giuntini and Mr. Swierczek satisfy these requirements because, just like all other class members, they: (1) purchased or otherwise acquired Baozun securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

"'The adequacy requirement is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in

---

[2]     Mr. Giuntini and Mr. Swierczek's losses are the same under both the last-in-first-out and first-in-first-out accounting methodologies.

- 7 -

the outcome of the case to ensure vigorous advocacy.""" *Id.* (citation omitted). Mr. Giuntini and Mr. Swierczek are adequate representatives of the class because their interests are aligned with those of the putative class and there is no evidence of any antagonism between Mr. Giuntini and Mr. Swierczek's interests and the class's interests. Mr. Giuntini and Mr. Swierczek have submitted a joint declaration affirming that they are ready, willing, and able to assume the responsibilities of lead plaintiff. *See* Rosenfeld Decl., Ex. D. Further, as described more fully below, Mr. Giuntini and Mr. Swierczek have retained competent and experienced counsel to prosecute these claims.

Because Mr. Giuntini and Mr. Swierczek filed a timely motion, have a large financial interest in the relief sought by the class, and have demonstrated their typicality and adequacy, the Court should adopt the presumption that Mr. Giuntini and Mr. Swierczek are the "most adequate plaintiff."

### C. The Court Should Approve Mr. Giuntini and Mr. Swierczek's Choice of Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Giuntini and Mr. Swierczek selected Robbins Geller to serve as Lead Counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide and in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3] Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 8 -

securities cases. *See, e.g.*, *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42:19-43:2 (S.D.N.Y. Aug. 10, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of Robbins Geller's attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Huang*, 2015 WL 10846763, at *3 (Robbins Geller has "extensive background in securities litigation").

Notably, Robbins Geller recently obtained final approval of a $1.025 billion securities class action settlement in *In re American Realty Capital Properties, Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), and has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[4] *See Am. Realty*, No. 1:15-mc-00040-AKH, ECF No. 1312 at 2 (S.D.N.Y. Jan. 23, 2020) ("Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy."). And, while trials in shareholder class

---

[4] *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

actions are rare, Robbins Geller has tried nine cases to verdict, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Giuntini and Mr. Swierczek's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV. CONCLUSION

The Related Actions should be consolidated as they involve identical legal and factual questions. In addition, Mr. Giuntini and Mr. Swierczek have satisfied each of the PSLRA's requirements for appointment as lead plaintiff and approval of their selection of counsel. Accordingly, Mr. Giuntini and Mr. Swierczek respectfully request that the Court grant their motion.

DATED: February 10, 2020    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 10 -

JOHNSON FISTEL, LLP
RALPH M. STONE
1700 Broadway, 41st Floor
New York, NY  10019
Telephone:  212/292-5690
212/292-5680 (fax)
ralphs@johnsonfistel.com

Additional Counsel

- 11 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 10, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        s/ DAVID A. ROSENFELD
        DAVID A. ROSENFELD

        ROBBINS GELLER RUDMAN
            & DOWD LLP
        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)

        E-mail:  drosenfeld@rgrdlaw.com

4816-9000-3636.v1

# Mailing Information for a Case 1:19-cv-11290-ALC Snyder v. Baozun Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Katherine Anne Marshall**
  katherine.marshall@davispolk.com,kmarshall@fenwick.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`