UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHY SNYDER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU,<br><br>Defendants. | Case No. 1:19-cv-11290-ALC<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE BAOZUN INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| IVAR AUS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAOZUN INC., VINCENT WENBIN QIU, and ROBIN BIN LU,<br><br>Defendants. | Case No. 1:19-cv-11812-UA |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ................................................................................................................... 4

    B.    THE BAOZUN INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................................................................. 5

        1.    The Baozun Investor Group Is Willing to Serve as Class Representative ............................................................................................... 6

        2.    The Baozun Investor Group Has the "Largest Financial Interest" .............. 7

        3.    The Baozun Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................... 8

        4.    The Baozun Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............. 10

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ............................................................................................................. 11

CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ...................................................................................5

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (S.D.N.Y. 1992) ...................................................................................9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................................5

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
   2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...............................................................7

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
   2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ..............................................................10

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
   1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ...................................................................9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................10

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ...............................................................................9

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ...................................................................................8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ..........................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
   2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ..............................................................8, 11

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ..........................................................................................9

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 WL 2259502 (S.D.N.Y. July 29, 2009) ................................................................5

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ....................................................................................11

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................7, 9

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
    2008 WL 2811358 (S.D.N.Y. July 7, 2008) ............................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .............................................................................................4

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) .............................................................................................9

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990).................................................................................................4

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ...........................................................................................11

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..............................................................................7

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993)....................................................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
    2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017).........................................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................11

### Statutes

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).............................................................................................11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................. *passim*

### Rules

Federal Rules of Civil Procedure Rule 23 ............................................................................. *passim*

Federal Rules of Civil Procedure Rule 42 ..............................................................................1, 2, 4

Movants Zheng Yan and Zhiyang Guo (collectively, the "Baozun Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42, for the entry of an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing the Baozun Investor Group as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Baozun, Inc. ("Baozun" or the "Company") securities between March 6, 2019 and November 20, 2019, inclusive (the "Class Period"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Baozun and certain of its officers defrauded investors in violation of the Exchange Act. Baozun investors, including the Baozun Investor Group, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Baozun securities to fall sharply, damaging the Baozun Investor Group and other Baozun investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with its purchases of Baozun securities during the Class Period, the Baozun Investor Group incurred losses of approximately $18,533. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, the Baozun

Investor Group believes that it has the largest financial interest in the relief sought in the Related Actions.

Beyond its considerable financial interest, the Baozun Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, the Baozun Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Accordingly, the Baozun Investor Group respectfully requests that the Court enter an order consolidating the Related Actions, appointing the Baozun Investor Group as Lead Plaintiff, and approving the Baozun Investor Group's selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the first-filed of the Related Actions, Baozun provides brand e-commerce services to brand partners in the People's Republic of China. The Company offers end-to-end e-commerce services, including IT infrastructure setup and integration, sale of

apparel, home and electronic products, online store design and setup, visual merchandising and marketing, online store operations, customer services, warehousing, and order fulfillment, that helps companies sell their branded goods online.

Huawei Technologies Co., Ltd. ("Huawei") is a Shenzhen, Chinese-based multinational technology company that provides telecommunications equipment and sells consumer electronics, including smartphones.

Unbeknownst to investors, Huawei was one of the Company's largest brand partners, on a historical basis. Huawei paid more add-on fees for the work Baozun did for it, increasing the revenues Baozun received for Huawei work compared to the Company's other brand partners. This caused Baozun to report outsized revenue growth during the first half of 2019, which would be abruptly cut off during the second half of 2019, after Baozun restructured the relationship as Huawei took much of its online merchandizing in-house.

As a result, the market was shocked on November 21, 2019, when Baozun announced third quarter 2019 financial results that came in lower than the market had been led to expect and provided dismal fourth quarter 2019 financial guidance, blaming, in large part, the adverse "impact from terminating our service agreement with one electronics brand." Though Baozun did not disclose who that large "electronics brand" was itself, many in the financial media have suggested that it was Huawei.

On this news, the market price of Boazun American Depository Receipts ("ADRs") plummeted, declining by $7.60 each, or approximately 17.5%, to close down at $35.90 each on November 21, 2019, on unusually high trading volume of more than 8.2 million shares trading, more than eight times the average daily volume over the preceding ten trading days.

Meanwhile, with the market price of Baozun ADRs artificially inflated, Baozun cashed in, selling at least 2.25 million ADRs in a registered public stock offering at $40 each on or about April 10, 2019, raising $90 million through underwriters Credit Suisse Securities (USA) LLC and Deutsche Bank Securities Inc. ("Underwriters"), and "loaning" to be sold by those same Underwriters another 1.98 million ADRs.  That same day, Baozun also closed a concurrent offering of $225 million in aggregate principal amount of convertible senior notes due 2024 (the "Notes"), and the sale of an additional $50 million in aggregate principal amount of the Notes pursuant to the exercise by the initial purchasers in full of an option to purchase additional Notes, pursuant to Rule 144A and Regulation S under the Securities Act of 1933, as amended (collectively, the "Notes Offering"), receiving net proceeds from the Notes Offering of approximately $269 million.

## ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions);

4

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1–3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact.  Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

    **B.**    **THE BAOZUN INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The Baozun Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class

actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Baozun Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The Baozun Investor Group Is Willing to Serve as Class Representative

On December 10, 2019, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in Baozun securities that they had 60 days—*i.e.*, until

February 10, 2020—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

The Baozun Investor Group has filed the instant motion pursuant to the Notice, and its members have submitted sworn Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. C. Accordingly, the Baozun Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The Baozun Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, the Baozun Investor Group has the largest financial interest of any Baozun investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *In re Olsten Corp. Sec.*

---

[1] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

7

*Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, the Baozun Investor Group collectively: (1) purchased 2,595 shares of Baozun securities; (2) expended $115,229 on its purchases of Baozun securities; (3) retained 1,700 shares of Baozun securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $18,533 in connection with its Class Period purchases of Baozun securities. *See* Lieberman Decl., Ex. A.  Because the Baozun Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The Baozun Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23 (a).

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and

8

adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of the Baozun Investor Group are typical of those of the Class. The Baozun Investor Group alleges, as do all class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. The Baozun Investor Group, as did all members of the Class, purchased Baozun securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal

9

theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

The Baozun Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Baozun Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Finally, the Baozun Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The Baozun Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Baozun Investor Group as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interests of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of the Baozun Investor Group to fairly and adequately represent the Class has been discussed above. The Baozun Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the Baozun Investor Group should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Baozun Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. D. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June

2010. *See* Lieberman Decl., Ex. D. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat investors that it has reached a $110 million settlement with the company. *See* Patrick Thomas, *Fiat Chrysler to Settle Lawsuit for $110 Million*, Wall St. J., Apr. 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Related Actions. Thus, the Court may be assured that by approving the selection of Lead Counsel by the Baozun Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Baozun Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Baozun Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel.

Dated: February 10, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom

12

10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant the Baozun Investor Group and Proposed Lead Counsel for the Class*

13