**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHY SNYDER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU,<br>                    Defendants. | Case No.: 1:19-cv-11290-ALC<br><br>Hon. Andrew L. Carter, Jr. |
| IVAR AUS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>BAOZUN INC., VINCENT WENBIN QIU and ROBIN BIN LU,<br>                    Defendants. | Case No.: 1:19-cv-11812 |

**THE BAOZUN INVESTOR GROUP'S MEMORANDUM OF LAW IN
OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

Alvin Osofsky, Juan M. Gonzalez Bonilla, and Mica Park De Gonzalez (the "Baozun Investor Group") respectfully submit this memorandum of law in opposition to the competing motions for lead plaintiff filed in the above-captioned securities class action lawsuits (the "Actions").

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court are two[1] remaining competing motions seeking appointment as lead plaintiff and approval of selection of counsel in the Actions filed by: (1) the Baozun Investor Group (ECF No. 15); and (2) Daniel Giuntini, Jr. & Joseph Swierczek (ECF No.

---

[1] Three movants—Zhiyang Guo and Zheng Yan (Dkt. No. 34), Francis L. Pugsley (Dkt. No. 36), and Phil Spence, Hal Strickland & Deepak Chakravarty (Dkt. No. 37)—filed notices of non-opposition, recognizing that they do not have the largest financial interest in the relief sought as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

27) (the "Giuntini Group").[2] For the reasons set forth herein, the Court should grant the Baozun Investor Group's Motion and deny the sole remaining competing motion.

The Baozun Investor Group, with losses of over $400,000, undeniably has the largest financial interest in the relief sought with losses of more than *seven* times those of the Giuntini Group. Moreover, each member of the Baozun Investor Group, individually, has a larger loss than the Giuntini Group as a whole.[3]

The Baozun Investor Group also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and the PSLRA by virtue of having suffered losses in the same way as the members of the Class, having no conflicts of interest with class members, and having retained experienced and competent counsel to litigate the Actions. Thus, no indicia—let alone proof—of inadequacy exists to rebut the strong presumption in favor of appointing the Baozun Investor Group. The Giuntini Group, on the other hand, has not met its burden to demonstrate adequacy because it failed to provide any evidence of its chosen counsel's adequacy to represent the Class, such as a law firm resume.

Accordingly, the Baozun Investor Group should be appointed lead plaintiff and its chosen counsel, Levi & Korsinsky, appointed lead counsel.

## II.    ARGUMENT

### A.    The Baozun Investor Group Has the Largest Financial Interest in the Relief Sought by the Class.

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Baozun Investor

---

[2] All competing movants agree that the Actions should be consolidated.

[3] Juan M. Gonzalez Bonilla, & Mica Park De Gonzalez are a married couple, and combined have losses of more than $250,000. Alvin Osofsky, individually, has more than $150,000 in losses. *See* ECF No. 17-2 (Loss Charts).

Group is entitled to that presumption because, relative to the other competing movants, its losses are far greater.

In deciding which proposed lead plaintiff has "the largest financial interest in the relief sought by the class," courts consider four factors: "(1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period." *In re Crayfish Co. Sec. Litig*, No. 00-cv-6766-DAB, 2002 U.S. Dist. LEXIS 10134, at *13 (S.D.N.Y. June 4, 2002); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *Ferrari v. Impath, Inc.*, 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *16 (S.D.N.Y. July 15, 2004) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).  Courts have found the last factor, the amount of "approximate loss suffered" to be the most significant factor. *See Kaplan v. Gelfond,* 240 F.R.D. 88, 93 (S.D.N.Y. 2007).  As the Baozun Investor Group leads in each of these factors, it is clear that the Baozun Investor Group has the "largest financial interest" in the Actions:

| MOVANT | GROSS SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | APPROXIMATE LOSSES |
|---|---|---|---|---|
| **The Baozun Investor Group** | **38,055** | **38,055** | **$1,070,648.79** | **$408,156.69** |
| **Daniel Giuntini, Jr. & Joseph Swierczek** | 6,325 | 3,025 | $138,246.02 | $54,892.85 |

Having the largest financial interest in the relief sought and satisfying the Rule 23 requirements of adequacy and typicality, the Baozun Investor Group is entitled to the presumption of "most adequate plaintiff."  This presumption may be rebutted only upon proof by a class member that the Baozun Investor Group "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (internal quotation and citation omitted); *see Kaplan,* 240 F.R.D. at 92, 94-95. No other movant can rebut the presumption. Accordingly, the Baozun Investor Group should be appointed Lead Plaintiff.

The Giuntini Group, on the other hand, has not met its burden to demonstrate adequacy because it failed to provide any evidence of its chosen counsel's adequacy to represent the Class.

**B.    Approval of The Baozun Investor Group's Choice of Counsel is Appropriate.**

The Court should approve the Baozun Investor Group's selection of Levi & Korsinsky as Lead Counsel for the putative Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to approval by the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). There is a strong presumption in favor of approving "a properly-selected lead plaintiff's decision as to counsel." *Maliarov v. Eros Int'l PLC*, 2016 U.S. Dist. LEXIS 46082, at *20 (S.D.N.Y. Apr. 5, 2016). The attorneys at Levi & Korsinsky are highly experienced in class action securities lawsuits and class action litigation generally and will prosecute the Actions effectively, expeditiously, and in a non-duplicative manner. *See* Baozun Investor Group Brief, ECF No. 15, p. 10-11; Hopkins Decl., Firm Resume, ECF No. 17-4.

**III.    CONCLUSION**

Based on the foregoing, the Baozun Investor Group respectfully requests that the Court grant its motion: (1) consolidating the Actions; (2) appointing the Baozun Investor Group as Lead Plaintiff; (3) approving its selection of Levi & Korsinsky as Lead Counsel; and (4) granting such other relief as the Court deems just and proper.

Dated: February 24, 2020                                  Respectfully Submitted,

                                                         **LEVI & KORSINSKY, LLP**

                                                         By:  /s/ *Shannon L. Hopkins*

4

Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
Email: shopkins@zlk.com

*Lead Counsel for the Baozun Investor*
*Group and [Proposed] Lead Counsel for the*
*Class*

5