UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CATHY SNYDER, Individually and on Behalf of :
All Others Similarly Situated, :
 :
                                      Plaintiff, :     1:19-cv-11290 (ALC)
      -against- :
 : **OPINION AND ORDER**
 :
BAOZUN INC., VINCENT WENBIN QIU, and :
ROBIN BIN LU :
                                   Defendants. :

------------------------------------------------------------x


------------------------------------------------------------x
IVAR AUS, individually and on Behalf of All :
Others Similarly Situated :
 :
                                      Plaintiff, :     1:19-cv-11812 (ALC)
      -against- :
 :
 :
 :
BAOZUN INC., VINCENT WENBIN QIU, and :
ROBIN BIN LU :
                                   Defendants. :
 :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Cathy Snyder commenced this securities class action on December 10, 2019, individually and on behalf of all purchasers of Baozun, Inc.'s American Depository Receipts ("ADRs") between March 6, 2019 and November 20, 2019, inclusive. (Compl. ¶ 1). "Baozun provides e-commerce services to brand partners in the People's Republic of China…offer[ing]

1

end-to-end e-commerce services, including IT infrastructure setup, visual merchandising and marketing, online store operations, customer services, warehousing, and order fulfillment, that helps companies sell their branded goods online." (*Id.* ¶ 2). One of Baozun's brand partners was Huawei Technologies Co., Ltd. ("Huawei"), "a Shenzhen, Chinese-based multinational technology company that provides telecommunications equipment and sells consumer electronics, including smartphones." (*Id.* ¶ 3).

According to the Complaint, Baozun failed to disclose to the public many critical facts about its relationship with Huawei, including:

(a) That Baozoun was heavily reliant upon a single brand partner, Huawei, for the exponential service fee growth it had been reporting historically, which was in turn fueling its historical revenue growth;
(b) That compared to other brands Baozun had as brand partners, the Huawei work had historically included a lot of additional add-on service fees, increasing the revenue reported from Huawei vis-a-via its other brand partners;
(c) That Huawei, like other large brands, was actively preparing to bring its online merchandising in-house, meaning Baozun knew that it was losing a significant bran partner; and
(d) As a result of the foregoing, the Company was not on track to achieve the financial results and performance Defendants claimed the Company was on track to achieve during the Class Period.

(*Id.* ¶¶ 4, 43(a)–(d)).

Because Baozun failed to disclose these material facts, "the market was shocked on November 21, 2019 when Baozun announced third quarter ("3Q19") financial results that came in lower than the market had been led to expect and provided dismal fourth quarter 2019 ("4Q19") financial guidance, blaming, in large part, the adverse impact from terminating [its] service agreement with one electronics brand," widely speculated in the financial media to be Huawei. (*Id.* ¶ 5) (internal quotation marks omitted). After these announcements, Boazun's ADRs plummeted, declining by $7.60 each, or approximately 17.5%, to close down at $35.90

each on November 21, 2019, on an unusually high trading volume of more than 8.2 million shares trading…" (*Id.* ¶ 6).

The Complaint alleges that, on April 10, 2019, while the market price of Baozun ADRs was artificially inflated, "Baozun cashed in, selling at least 2.25 million ADRs in a registered public stock offering at $40 each…raising $90 million through underwriters Credit Suisse Securities (USA) LLC and Deutsche Banks Securities Inc. (the "Underwriters"), and 'loaning' to be sold by those same Underwriters another 1.98 million ADRs." (*Id.* ¶ 7). Also on April 10, 2019, Baozun allegedly:

> [C]losed a concurrent offering of $225 million in aggregate principal amount of convertible senior notes due 2024 (the "Notes") and the sale of an additional $50 million in aggregate principal amount of the Notes pursuant to the exercise by the initial purchasers in full of an option to purchase additional Notes, pursuant to Rule 144A and Regulation S under the Securities Act of 1993…receiving net proceeds from the Notes Offering of approximately $269 million.

(Id. ¶ 7)

Based on the above allegations, Plaintiff claims Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. (*Id.* ¶¶ 1, 56–61). Specifically, the Complaint provides that, throughout the Class Period, "Defendants materially misled the investing public, thereby inflating the price of Baozun ADRs, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements…not false and misleading." (*Id.* ¶ 47).

Plaintiff Ivar Aus filed a second, substantially similar class action against Baozun on December 26, 2019. *See Aus v. Baozun Inc. et al*, No. 19-cv-11812 (S.D.N.Y. Dec. 26, 2019).

Five plaintiffs or groups of plaintiffs moved to consolidate the Actions, to be appointed lead plaintiff or plaintiffs, and for approval of lead counsel. (ECF Nos. 15 (Alvin Osofsky, Juan M. Gonzalez Bonilla, and Mica Park De Gonzalez ("Baozun Investor Group")), 18 (Francis L.

Puglsey), 22 (Phil Spence, Hal Strickland, and Deepak Chakravarty), 24 (Zheng Yan and Zhiyang Guo), 27 (Daniel Giuntini, Jr. and Joseph Swierczek)). Subsequently, four of these five groups submitted notices stating that they do not possess the largest financial interest in the relief sought by the class and do not oppose the appointment of the other competing movants. (ECF Nos. 34 (Zheng Yan and Zhiyang Guo), 36 (Francis L. Pugsley), 37 (Phil Spence, Hal Strickland, and Deepak Chakravarty), 39 (Daniel Giuntini, Jr. and Joseph Swierczek)). Thus, only the Baozun Investor Group's motion remains. For the reasons that follow, this motion is GRANTED. The Actions are consolidated, the Bazoun Investor Group consisting of Alvin Osofsky, Juan M. Gonzalez Bonilla, and Mica Park De Gonzalez is appointed lead plaintiff, and its selection of Levi & Korsinsky, LLP as Lead Counsel is approved.

**I. Consolidation**

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed,' the Court shall not make the determination of the most adequate plaintiff 'until after the decision on the motion to consolidate is rendered." *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 118 (S.D.N.Y. 2010) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(ii)). Accordingly, I address the consolidation question first.

"Where 'actions before the court involve a common question of law or fact[,]' consolidation is appropriate.' Fed. R. Civ. P. 42(a). Under Rule 42(a), '[t]he Court enjoys "broad discretion to determine whether consolidation is appropriate.""" *Batter v. Hecla Mining Co.*, 2020 WL 1444934, at *1 (S.D.N.Y. Mar. 25, 2020) (quoting *Ku-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281,1284–85 (2d Cir. 1990)).

4

Both actions set forth the same claims against Baozun and certain of its executives, based upon the same allegations concerning Huawei-related false statements or omissions. The class period is also identical. Considerations of judicial economy and convenience also weigh in favor of consolidation. Additionally, there is little apparent risk of prejudice. Accordingly, the motion to consolidate is GRANTED.

## II. Lead Plaintiff Selection

The Court is required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "The PSLRA creates a rebuttable presumption that the lead plaintiff should be the plaintiff who (a) has either filed a complaint or [timely] moved for lead plaintiff status; (b) has the largest financial interest in the relief sought; and (c) otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23." *Phuong Ho v. NQ Mobile, Inc.*, 2014 WL 1389636, at *1 (S.D.N.Y. Apr. 9, 2014) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)). Based on these factors, The Baozun Investor Group is the presumptive lead plaintiff. As stated above, no other movant attempted to rebut this presumption.

### A. Timely Moved

The Baozun Investor Group timely moved for lead plaintiff appointment under the PSLRA. On December 10, 2019, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Plaintiff Snyder published a press release announcing the securities class action in *Business Wire* and advising purchasers of Baozun stock that they had 60 days to move for lead plaintiff appointment. (ECF No. 17-3). The Baozun Investor Group filed its motion within that 60-day window. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii)

### B. Financial Interest

The financial interest of a movant is determined based on the following factors:

> (1) The total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent on purchase shares and the amount received for the sale during the class period); and (4) the approximate losses suffered.

*Peters v. Jinksolar Holding Co., Ltd.*, No. 11 Civ. 7133, 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (citations omitted). The last factor, financial loss, is the most important." *Janbay v. Canadian Solar, Inc.,* et al., 272 F.R.D. 112, 118–19 (S.D.N.Y.2010)).

The Baozun Investor Group purchased 14,275 gross and net shares, expended $641,908.76 in net funds, and suffered approximately $408,156.69 in losses. (ECF No. 17-2). As stipulated, no other plaintiff asserts a larger loss.

### C. Rule 23—Typicality and Adeqaucy

"When moving for appointment as lead plaintiff, 'the moving party must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Kux-Kardos*, 151 F. Supp. 3d at 477 (quoting *Janbay*, 272 F.R.D. at 120).

"The typicality requirement of Rule 23(a)(3) is met where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Reitan v. China Mobile Games & Entertainment Group, Ltd.*, 68 F. Supp.3d 390, 400 (S.D.N.Y. 2014) (internal quotation marks omitted). The Baozun Investor Group's claims are typical of the Class's. Like the other class members, they allegedly purchased Baozun ADRs during the Class Period at prices inflated by Defendants' misstatements and omissions and suffered damages as a result.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011). As detailed below, the Movant retained competent and experienced. Counsel. At this stage of the litigation, there is no indication of conflicts with the Class. Finally, Movant's "significant financial interest should ensure vigorous advocacy on behalf of the class." *Foley*, 272 F.R.D. at 131.

### III. Lead Counsel

"The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court." *Khunt v. Alibaba Group Holding, Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y. 2015) (citing 15 U.S.C. § 78u–4(a)(3)(B)(v)). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Id.*

The Baozun Investor Group selected Levi & Korsinksy as counsel. Levi & Korsinsky has served as Lead or Co-Lead Counsel in dozens of securities class actions and obtained numerous favorable judgments for clients in these past representations. (ECF No. 17-4). I find the firm to be well-qualified to serve as Lead Counsel.

### CONCLUSION

Based on the above, I grant The Baozun Investor Group's Motion to Consolidate and Appointment as Lead Plaintiff. I further approve Levi & Korsinksy as lead counsel.

**SO ORDERED.**

**Dated:** September 8, 2020
New York, New York
United States District Judge

_____
**ANDREW L. CARTER, JR.**